## Yorktowne Tennis Club Inc. v. York Township

*Daniel Fennick,* for plaintiffs.
*Raymond L. Hovis,* for defendant.

McCULLOUGH, *J.,* June 11, 1987—The issue is whether York Township shall be enjoined from offering to non-township residents at a fee memberships in the Wynfield Club, a township-owned swimming and racquet sport facility. The argument in support of the application for injunction is that township tax monies may be used to compete in a private business against Yorktowne Tennis Club Inc., and Joseph D. and Barbara A. Glitz, and Andrew Jaeckle. The argument in opposition to the application is that the First Class Township Code, act of June 24, 1931, P.L. 1206, Art. I, §101 et seq., 53 P.S. §53101, authorizes such activity by authorizing townships of the first class to make, enlarge and maintain public parks, recreation areas and facilities within such township limits and within the limits of any other municipality.

The court has held a hearing on the application for preliminary injunction and finds as follows:

### FINDINGS OF FACT

(1) Yorktowne Tennis Club Inc. and Joseph D. and Barbara A. Glitz, and Andre Jaeckle, by virtue of their respective interests as owners of a private tennis business operating in York Township, York County, Pa., have standing to bring the within action.

(2) York Township, is a township of the first class subject to the provisions of the First Class Township Code.

(3) On April 15, 1987, defendant township purchased the premises and facilities for swimming and racquet sports known as the Wynfield Club located at 2500 South George Street, York Township, Pa.

(4) Defendant township has published membership fee lists and hourly rates for use of the Wynfield Club by township residents and by non-residents of the township.

(5) The hourly rates for use of the Wynfield Club were set to be competitive and yet within parameters whereby the operation is budgeted to be self-sufficient; the operation is not budgeted to be supported by township tax revenues.

(6) The Wynfield Club has a sales tax license and collects sales tax on items sold at retail on the premises.

(7) There is no showing that the Wynfield Club is exempt from assessment of real estate tax.

## DISCUSSION

Townships, like other municipal corporations, were created as subordinate branches of the state government to perform certain local functions. They are given full power to do everything necessarily incident to a proper discharge of those public functions. Without express legislative sanction, townships do not have authority to engage in an independent business operation or enterprise such as is usually pursued by private individuals. *Linn v. Chambersburg Borough,* 160 Pa. 511, 28 Atl. 842 (1894).

Plaintiffs argue in support of their application for an injunction that the township's operation of the Wynfield Club is not a public use because it is not a necessity to the community, nor is there an absence of active competition, nor is there otherwise a difficulty in obtaining tennis and swimming facilities. These are arguments founded in common sense and arguments which might be dispositive, if the court were persuaded that the township's activities were beyond the letter of its authority and if the issue were whether these activities were sanctioned by time and by public acquiesence rather than by statute.

However, the court finds that the dispute here resolves itself in terms of the First Class Township Code. The issue in this dispute is whether the evidence establishes that the township's operation of the Wynfield Club is an activity which is not authorized by statute as a public service. The commentaries on municipal law indicate that in making their rulings on this issue, the courts are inclined to defer to the wisdom and discretion of the state Legislature as to whether a challenged activity is a public service.

In this case, the court is not persuaded that the township's operation of the Wynfield Club is beyond the legislatively permitted activities of making, enlarging and maintaining public parks, recreation areas and facilities. Further, the court is not persuaded that the availability of these activities is limited to residents of the township. The court accepts the argument that the Legislature could have enacted such limitations if the limitation were intended.

Finally, the court denies plaintiffs' argument based on a claim of an unfair economic advantage.

The court notes that there has been no showing of such unfair advantage in budgeting or in taxing the facility. Insofar as may be relevant to the determination of issues herein, availability of memberships to non-township residents would be an incidental benefit to the availability of such membership to township residents and would appear to be economically justifiable in relation to the operation of the Wynfield Club as a recreation center.

Having failed to establish that the township's operation of the Wynfield Club is an activity which is beyond the legislative grant of authority to York Township, plaintiffs have not met their burden in their application for a preliminary injunction. The court shall deny plaintiffs' application for a preliminary injunction.

## ORDER

And now, this May 21, 1987, upon hearing, plaintiffs' application for preliminary injunction is hereby denied.

## ADJUDICATION AND DECREE NISI

And now, this June 11, 1987, the attached order is adopted by the court as the adjudication and decree nisi pursuant to Pennsylvania Rule of Civil Procedure 1517(a). The prothonotary shall notify all parties or their attorneys of the date of filing pursuant to Pennsylvania Rule of Civil Procedure 1517(b).